UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-618-JGH

CALIPH ALJA-IZ                                                                                          PLAINTIFF

v.

DR. JAMES RAMSEY *et al.*                                                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Caliph Alja-Iz filed the instant *pro se* action. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

While Plaintiff only lists Defendant Dr. James Ramsey in the caption of the complaint, he lists the following additional Defendants in the body of his complaint: the University of Louisville; Dr. Thomas Riedel, Ph.D., Dr. Bingtuan Li, Ph.D.; Dr. Prassana Sahoo, Ph.D.; Dr. Jiaxu Li, Ph.D.; and Dr. Changbing Hu, Ph.D. The **Clerk of Court is DIRECTED** to add the University of Louisville, Riedel, Bingtuan Li, Sahoo, Jiaxu Li, and Hu as Defendants in the docket sheet.

*Discrimination and retaliation claims*

Plaintiff alleges retaliation and discrimination based on his age, disability, and race in violation of 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act of 1990, the Age

Discrimination Act of 1995, the Civil Rights Act of 1964, and the Rehabilitation Act of 1973. He seeks injunctive relief and compensatory damages. Plaintiff states that he is a "qualified disabled forty-seven years old African-American male with a 3.34 GPA and MA in mathematics (University of Louisville) that was excluded from the PhD math program at the federally funded University of Louisville, on the bases of age, disability and racial discriminations, and retaliation."

Upon review, the Court concludes that Plaintiff's retaliation and discrimination claims under 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act of 1990, the Age Discrimination Act of 1995, the Civil Rights Act of 1964, and the Rehabilitation Act of 1973 survive initial screening. The Court will direct service of the complaint upon Defendants by separate Order. In allowing these claims to proceed, the Court passes no judgment on their ultimate merit.

*Criminal violations*

Plaintiff also alleges that Defendants violated several criminal statutes by falsifying his university transcript. The "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Plaintiff is a private citizen and cannot initiate criminal charges against Defendants.

Therefore, **IT IS ORDERED** that Plaintiff's claims of alleged violations of criminal statutes are **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d at 608-09.

Date:

cc: Plaintiff, *pro se*
    Defendants
4412.010