UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CALIPH ALJA-IZ,

       Plaintiff,

v.                                            CASE NO. 3:14-CV-618-DJH-CHL

JAMES R. RAMSEY, et al.,

       Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion filed by Plaintiff Caliph Alja-Iz ("Alja-Iz") requesting that the Court order Defendant University of Louisville ("University") produce Alja-Iz's "official transcripts" at the University's cost ("Motion"). (DN 20.) Defendants University of Louisville, Dr. James Ramsey, Dr. Thomas Riedel, Dr. Bingtuan Li, Dr. Jiaxu Li, Dr. Changbing Hu, and Dr. Prasanna Sahoo (collectively "Defendants") have filed a response ("Response") (DN 32) to the Motion. Alja-Iz did not file a reply. This matter is ripe for review.

Alja-Iz requests that the University be required to produce his academic transcripts for four specific academic years, beginning in the fall of 1997 and ending in the spring of 2001. (DN 20 at 2 (requesting transcripts for (1) "fall 1997 – spring 1998;" (2) "fall 1998 – spring 1999;" (3) "fall 1999 – spring 2000;" and (4) "fall 2000 – spring 2001").) For each academic year listed, Alja-Iz states that the transcript should not contain any classes taken after that academic year. For example, he requests his "official transcript" for "Year – fall -1997 – spring 1998" and states, parenthetically, that the transcript should include "no classes taken after spring 1998." (*Id.*) The Court surmises that Alja-Iz wishes for the University to provide him with

individual transcripts for each of the academic years he identifies. Finally, Alja-Iz requests that the University produce his "official MA graduate transcript for May 12, 2012." (*Id.*)

Alja-Iz filed as an attachment to the Motion an official transcript issued to him by the University. (DN 20 at 3.) The transcript sets forth Alja-Iz's academic record for the following academic periods:

1. Fall 1996;
2. Spring 1997;
3. Summer 1997;
4. Fall 1997;
5. Spring 1998;
6. Fall 1998;
7. Spring 1999;
8. Fall 2008;
9. Spring 2009;
10. Fall 2009;
11. Spring 2010;
12. Fall 2010;
13. Spring 2011;
14. Fall 2011; and
15. Spring 2012.

(*Id.*) The official transcript issued to Alja-Iz by the University does not contain academic records for the following periods included in his request: "fall 1999 – spring 2000" and "fall 2000 – spring 2001." (*See id.*)

In their Response, Defendants state that the University "maintains only one official transcript for each current and former student, including [Alja-Iz], enrolled or formerly enrolled at the University." (DN 32 at 1.) Defendants further state that such official transcript "contains a record of all classes enrolled in (or subsequently dropped after a certain date) and all grades received in classes in which a student is or was enrolled at the University." (*Id.*) A copy of Alja-Iz's official transcript is attached as an exhibit to the Response. (DN 32-1.) The official transcript provided by the University to the Court is substantively identical to the official

transcript attached by Alja-Iz to the Motion.  (*Compare* DN 20 at 3 *with* DN 32-1.)  The only difference between the two official transcripts relates to the "Date Printed."[1]

The Court will not order the University to produce Alja-Iz's official transcript in the format he requests.  Defendants represent that the University maintains only academic transcripts that contain *all* records related to a particular current or former student, rather than transcripts of only a particular time period, as requested by Alja-Iz.  Defendants attached to their Response what they describe as "a copy of [Alja-Iz's] official transcript."  (DN 32 at 1.)  It appears to the Court, therefore, that Defendants have already produced to Alja-Iz an official transcript containing all of his academic records as a student at the University.  The Court finds that it would impose an undue burden on the University to require it to produce individual transcripts for the academic years specified by Alja-Iz when the University has already provided him with a transcript of his entire academic record, and when doing so would not be in line with the University's usual course of maintaining its records.

The Court acknowledges that Alja-Iz has requested transcripts for two academic years, 1999 – 2000 and 2000 – 2001, that do not appear on the official transcripts produced by the University.  If Alja-Iz wishes to inquire further with the University as to its records of his enrollment, the proper means for such inquiry is through the civil discovery process.  Alja-Iz is advised to review the Federal Rules of Civil Procedure with respect to the proper scope and methods of discovery.

---

[1] The official transcript provided by Alja-Iz was printed on April 20, 2015, and the official transcript provided by the University was printed on May 5, 2015.  It is reasonable to assume that Alja-Iz obtained from the University an official transcript on April 20, 2015, prior to filing his Motion on the same date, and that counsel for Defendants obtained from the University an official transcript on May 5, 2015, prior to filing their Response on May 14, 2015.

Plaintiff and Defendants have recently filed proposed litigation plans and discovery schedules. (*See* DN 33-2, 34.) The Court finds that a scheduling conference would be beneficial to all parties. The Court will issue a separate order setting a scheduling conference.

Accordingly, IT IS HEREBY ORDERED that Plaintiff Alja-Iz's Motion for Official Transcripts from University of Louisville (DN 20) is DENIED. Alja-Iz is further ORDERED to REVIEW the Court's Memorandum Opinion and Order of March 19, 2015 (DN 6), specifically in reference to the Court's determination of which of his claims survived initial screening and which claims were dismissed.

cc:    Counsel of record
       Plaintiff, *pro se*

**NOTICE**

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.